IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FABIAN DIXON,

    Plaintiff,

v.                                                                            CASE NO. 5:04-cv-00175-SPM-AK

DEPARTMENT OF CHILDREN
AND FAMILY SERVICES,

    Defendant.
_____/

## O R D E R

By prior order, the Court advised Plaintiff that the appropriate person for service in this case was the Secretary of the Department of Children and Family Services. Doc. 13. Despite the Court's instructions, Plaintiff identified "Diane James" at the Florida State Hospital in Chatahoochee for service, and service was made on counsel for Defendant. Doc. 15. Thereafter, Defendant filed a motion to dismiss on the grounds that Petitioner had failed to attach certain documents to his complaint which are necessary for determining matters such as exhaustion and timeliness, and that he had not properly served Defendant. Doc. 17. Consequently, the Court issued a show cause order to Plaintiff. Doc. 19. In response, Plaintiff maintains that he "misunderstood" the Court's service order, and he attached the EEOC notice of dismissal and right to sue which shows a mailing date of April 29, 2004. Doc. 20. He seeks a continuance of this case so that he can "forward the information" to the Court and Defendant.

*Id*.

Under the authority of Fed. R. Civ. P. 4(m), the Court believes that Plaintiff has shown good cause for his failure properly to serve Defendant, and thus, the Court will issue a new service schedule.  However, Plaintiff is cautioned that if he fails to serve the Secretary of the Department of Children and Family Services within the time provided, the Court shall recommend dismissal for failure to obey an order of the Court and for failure to prosecute.

Accordingly, it is **ORDERED**:

That The Clerk of the Court is directed to prepare summons indicating the Defendant has twenty (20) days within which to respond, and send the summons and two copies of this order along with service copies of the amended complaint to the United States Marshal.  All costs of service shall be advanced by the United States.

That the United States Marshal shall transmit one USM 285 form to Plaintiff for the Defendant along with instructions.  The instructions shall require Plaintiff to complete and return the USM 285 forms to the United States Marshal's office in Tallahassee within twenty (20) days from the date of receipt thereof.  Failure by Plaintiff to return the completed USM 285 forms within the time period allowed may result in dismissal of this case.  All costs of service shall be advanced by the United States.

That upon receipt of the completed USM 285 forms from Plaintiff, the Marshal is hereby directed to **personally** serve the Defendant named above pursuant to Fed. R. Civ. P. 4(j)(2) or Fla. Stat. Ann. § 48.111.  Upon completion of service, or if unable to effect service, the Marshal shall file with the Clerk the return of service.

That after a response to the amended complaint has been filed by Defendant, Plaintiff

shall be required to mail to counsel for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a correct copy of the paper was mailed to Defendant or to counsel for Defendant.  Any paper submitted for filing after a response to the amended complaint has been filed by Defendant which does not contain a certificate of service shall be returned by the Clerk and disregarded by the Court.

**That failure to comply with this order shall result in a recommendation of dismissal for failure to obey an order of the Court and for failure to prosecute.**

**DONE AND ORDERED** this _1st_ day of September, 2005.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**